

CJ-2022-5203
andrews



**IN THE DISTRICT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| 1. SHARLA NELSON, | ) |
|        Plaintiff, | ) Case No. CJ-2022-**5203** |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) ATTORNEY LIEN CLAIMED |
| 1. OKLAHOMA CPA GROUP, LLC | ) |
| | ) |
| 2. T.W. SHATLEY TAX & ACCOUNTING, PLLC | ) |
|    d/b/a SHATLEY ACCOUNTING GROUP | ) |
| | ) |
|        Defendants. | ) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 20 2022

RICK WARREN
COURT CLERK
41_____

## PETITION

**COMES NOW THE PLAINTIFF**, Sharla Nelson, and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Sharla Nelson, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are Oklahoma CPA Group, LLC and T.W. Shatley Tax & Accounting, PLLC d/b/a Shatley Accounting Group, both for-profit entities doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for race discrimination and retaliation including in the form of termination after Plaintiff complained of race discrimination in violation of 42 U.S.C. § 1981 and Oklahoma's Anti-Discrimination Act.

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

1



EXHIBIT 2

## STATEMENT OF FACTS

5. Defendant, Oklahoma CPA Group, LLC holds itself out as Plaintiff's employer on Plaintiff's W-2 forms. Both Oklahoma CPA Group, LLC and Shatley Accounting Group identify themselves on the separation notice given to Plaintiff. Both Defendants controlled the terms and conditions of the Plaintiff's employment and were the Plaintiff's employers as direct employers, joint employers and/or as an integrated enterprise such that both Defendants are jointly and/or severally liable for the claims herein.

6. The Plaintiff, Sharla Nelson (Native American, African American, and Caucasian) became employed with Defendants on or around March 1, 2021.

7. The Plaintiff worked in the position of Accounting Specialist until her termination on or around November 1, 2021.

8. During all periods of employment Plaintiff was qualified for her job and performed satisfactorily.

9. Throughout Plaintiff's employment, Accounts Manager, Lauren Thompson, made several racially discriminatory remarks such as:

    A. She did not understand why a former white employee supported the Black Lives Matter Movement since that former employee was white;

    B. a statement questioning the credibility of Darrian Jackson, an African American male; and

    C. a statement that minorities were "quick to play the race card."

10. Throughout Plaintiff's employment, co-worker and spouse of Travis Shatley, C.J. Shatley, made several racially discriminatory remarks, at least one of which was directed at Plaintiff, such as:

   A. Telling Plaintiff that she, Ms. Shatley (African American and Caucasian), did not want plaintiff hired because she did not want another "mixed girl" working there; and

   B. Making the comment "black men do not open doors for people".

11. Plaintiff opposed the race discrimination including by reporting the discrimination to Ms. Thompson around October 28, 2021, who agreed with Plaintiff that the comments were racially offensive.

12. Around November 1, 2021 Plaintiff reported the race discrimination to Travis Shatley and John Montgomery.

13. In response to Plaintiff's complaints of race discrimination, Mr. Shatley became angry and offended.

14. At the end of this meeting, Mr. Shatley informed Plaintiff that she was being terminated with the stated reason being that her complaints of race discrimination were offensive and made the staff uncomfortable around Plaintiff.

15. Plaintiff's job duties continued to exist after her termination.

16. As a direct result of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, wage loss (including back, present, and front pay along with the value of benefits associated with such wages) as well as emotional distress/dignitary harm including worry, frustration, sadness, and similar unpleasant emotions.

17. At the least, significant factors in the decision to terminate Plaintiff included her race and/or her complaints of race discrimination. Plaintiff's complaints of race discrimination may also have been a "but-for" cause of termination.

18. Plaintiff has exhausted her administrative remedies by timely filing charges of discrimination with the Oklahoma Office of Civil Rights Enforcement (OCRE) on January 18, 2022. The OCRE issued Plaintiff her right to sue letter on July 25, 2022 and Plaintiff received such letters thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letters.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

19. Race discrimination and retaliation after Plaintiff complained of discrimination violates 42 U.S.C. § 1981.

20. Under this Count, Plaintiff is entitled to her wage loss (including back, present, and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

21. Because the Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

22. Plaintiff is also entitled to a declaratory judgment that Defendant violated 42 U.S.C. § 1981, to reinstatement and an award attorney fees/costs.

## COUNT II

Plaintiff incorporates the above allegations and further alleges:

23. Race discrimination and retaliation after Plaintiff complained of discrimination violates Oklahoma's Anti-Discrimination Act.

24. Under this Count the Plaintiff is entitled to her wage and benefit loss, as well as an equal amount of liquidated damages.

25. Plaintiff is also entitled to a declaratory judgment that Defendant violated the OADA, to reinstatement and an award attorney fees/costs.

### PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendant(s) and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 19 DAY OF OCTOBER 2022.**

HAMMONS, HURST & ASSOCIATES

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
*Counsel for Plaintiff*